[S. F. No. 6615.   Department Two.—March 10, 1917.]

L. WOODARD, Respondent, v. GLENWOOD LUMBER COMPANY (a Corporation), et al., Respondents; WILLIAM M. AYDELOTTE, Appellant.

Lumbering Contract—Agreement for Services in Securing—Measure of Compensation.—In an action to recover the agreed price for services in securing for a lumber company the contractual right to cut and remove timber from the lands of the owner, it is held that the company's obligation under the terms of its agreement is to be measured by the amount of the timber actually cut, and not by the amount it might have cut had it completed its contract with the owner.

APPEAL from a judgment of the Superior Court of San Mateo County.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

Beasly & Fry, for Respondents Glenwood Lumber Company and Jacob Miller.

W. P. Netherton, for Respondent I. T. Bloom.

George Clark, and J. A. Elston, for Respondent L. Woodard.

Charles B. Younger, for Respondent First National Bank of Santa Cruz.

HENSHAW, J.—The general facts in this case are set forth in another appeal taken from the same judgment. The decision of this court will be found in 171 Cal. 513, [153 Pac. 951].

For his services in securing for the Glenwood Lumber Company from L. Woodard a contract authorizing the former to cut and remove timber from the lands of the latter, the Glenwood Lumber Company, by written contract, agreed to pay appellant Aydelotte ten cents per thousand feet "for each and every one thousand feet of lumber that the first party

or its successors or assigns may become indebted to said Woodard for under the said contract between them.'' Plaintiff Woodard in time brought suit for a cancellation of the contract for sundry breaches of it, and for a decree quieting his title and restoring him to the possession of his timber lands. Bloom and Miller, who, by assignment, had successively succeeded to the rights of the Glenwood Lumber Company under the contract, were made parties defendant, as was this appellant. It appeared that Bloom and Miller accepted the assignment of Woodard's contract with the Glenwood Lumber Company, subject to appellant's rights under his contract with the Glenwood Lumber Company, and the court so found. It found also that if these defendants had performed their contract and cut the millions of feet of timber upon these lands, appellant would have been entitled to several thousand dollars by virtue of his contract of ten cents per thousand feet. They did not, however, perform their contract nor cut this wood nor ''become indebted to Woodard under the contract'' for any wood cut. The court, finding all of these facts, found that his fellow-defendants had not breached their contract with Aydelotte, and that he was therefore not entitled to a recovery. Upon this appeal it is argued that under the facts found he was entitled to a recovery for the full amount of ten cents per thousand feet of the fifty or more million feet of timber left standing on the land. The difficulty with appellant's position, however, arises from the very terms of the contract itself. It has been sufficiently pointed out that his codefendants did not agree with appellant to cut all or any part of the timber upon the land. Their agreement to do this was with Woodard alone. All, so far as appellant is concerned, that they agreed to do was to pay him ten cents per thousand feet for such portion as they did cut, and this in fact they did, and as their contract went no further the court's judgment was correct, and is affirmed.

Melvin, J., and Lorigan, J., concurred.